# United States District Court, Northern District of Illinois

| Assigned Judge / Magistrate Judge | Milton I. Shadur | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| NUMBER | 03 C 9271 | DATE | 2/3/2004 |
| CASE TITLE | Midwestern Equipment Co. vs. Federal Signal Corp. | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

☐ Filed motion of [ use listing in "Motion" box above.]

☐ Brief in support of motion due _____.

☐ Answer brief to motion due_____. Reply to answer brief due_____.

☐ Ruling/Hearing on _____ set for _____ at _____.

☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

☐ Trial[set for/re-set for] on _____ at _____.

☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

■ [Other docket entry]  Enter Memorandum Opinion and Order. Midwesco's motion for retransfer of this action to the Oklahoma District Court is granted, and the Clerk's Office is ordered to implement the transfer a week from today (see this District Court's LR 83.4). That will enable Midwesco to carry out the prompt filing of a mandamus action in the court of Appeals for the Tenth Circuit. This Court will continue to defer acting on the Section 1404(a) motion in the Vactor action until that Court of Appeals deals with that mandamus action.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| No notices required, advised in open court. | | | | |
| No notices required. | | | number of notices | |
| Notices mailed by judge's staff. | | | JAN 0 4 2004 | |
| Notified counsel by telephone. | | | date docketed | |
| Docketing to mail notices. | | | | 33 |
| Mail AO 450 form. | | U.S. DISTRICT COURT | docketing deputy initials | |
| Copy to judge/magistrate judge. | | | 2/3/2004 | |
| | courtroom deputy's initials | | date mailed notice | |
| SN | | | SN | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MIDWESTERN EQUIPMENT COMPANY,   )
                                )
            Plaintiff,           )
                                )
    v.                           )    No.   03 C 9271
                                )
FEDERAL SIGNAL CORPORATION, etc.,)
et al.,                          )
                                )
            Defendants.          )

MEMORANDUM OPINION AND ORDER

This action, after its 28 U.S.C. §1406[1] transfer from the United States District Court for the Northern District of Oklahoma, has been reassigned to this Court's calendar on grounds of relatedness to Case No. 03 C 7121, <u>Vactor Manufacturing, Inc. v. Midwestern Equipment Company</u> (the "Vactor Action"). Although the parties are obviously not fully identical to those in the Vactor Action, nor are all the issues shared by the two actions, such reassignment was still in order because the cases satisfied the requirements of this District Court's LR 40.4 dealing with that subject. Now Midwestern Equipment Company ("Midwesco") has moved for a retransfer of this action to the Oklahoma District Court, and the parties have briefed the matter.

Counsel for defendants (for convenience collectively "Federal Signal," treated as a single noun) have really not faced up to the issue posed by Midwesco's motion. Instead they have

---

[1] All further references to Title 28's provisions will simply take the form "Section--."

reshaped it to their own liking and then, having done so, have proceeded to knock down that straw man of their own creation.

Thus Federal Signal's counsel begin by citing a number of cases that quite properly demand "changed circumstances" or "impelling and unusual circumstances" or the like before a retransfer should ordinarily be considered. But that type of "stringent standard" (another quotation from one of counsel's cited cases) is of course appropriate where--very much unlike the situation here--a litigant asks a transferee District Court to engage in a reweighing of factors under Section 1406 or Section 1404(a) to reach a conclusion different from that arrived at by the transferor District Court. Quite apart from the fact that such an approach would have the potential for an unending ping-pong exchange of successive retransfers, such considerations as law of the case, principles of comity or other policy factors contraindicate any retransfer of that nature.

But that is not at all the case here. Instead Midwesco seeks retransfer only so that it may present to the Court of Appeals for the Tenth Circuit, via a mandamus action, the question whether the original transfer order, although not invalid as such, was sufficiently flawed so that Midwesco can surmount the admittedly difficult hurdle posed by the mandamus remedy.

This Court should not be misunderstood by what follows in

2

this opinion as expressing its view on the merits of the original Section 1406 ruling, for that would involve this Court's indulgence in the type of second guessing that the cases cited by Federal Signal properly decry. Instead it is important to explain that if the issue proposed to be tendered to the Tenth Circuit were deemed by this Court to be truly frivolous (or at least not worthy of serious consideration) it would not entertain the present motion. In that respect the Oklahoma District Court's December 3, 2003 transfer order rested primarily on the forum selection provisions of two agreements between Midwesco and Federal Signal affiliates Vactor Manufacturing, Inc. ("Vactor") and Elgin Sweeper Co. Midwesco contends otherwise: Because its lawsuit invokes the Oklahoma New Motor Vehicle Act (Okla. Stat. tit. 47, §§561 et seq.) as the basis for the asserted invalidity of the termination of those franchise agreements, it urges that the agreements' venue selection and choice of law provisions are taken out of play in the resolution of that question of Oklahoma law.

That dispute presents a question worthy of consideration by the Court of Appeals for the Tenth Circuit in its evaluation of the propriety of the transfer from the Oklahoma District Court to this District. Midwesco lost the opportunity to obtain such consideration because the transfer of the case file to this District Court deprived the Tenth Circuit of subject matter

jurisdiction (as that court has ruled, consistently with prior Tenth Circuit authority--<u>Chrysler Credit Corp. v. Country Chrysler, Inc.</u>, 928 F.2d 1509, 1517 (10th Cir. 1991)--and with prevailing caselaw elsewhere to the identical effect).[2] Indeed, it is disturbing to read Federal Signal's current opposition to the reassignment motion, and the inapplicable authorities that it cites dealing with wholly different circumstances, when the following is what Federal Signal itself urged before the Tenth Circuit in the final paragraph of its successful motion to dismiss Midwesco's earlier effort to obtain mandamus relief there after jurisdiction had been lost by transfer of the case file:

> The appropriate remedy is for Midwesco to seek an Order transferring the case from the Northern District of Illinois, which would be reviewable in the United States Court of Appeals for the Seventh Circuit.[3]

---

[2] That physical transfer of the file was made by the Oklahoma District Court Clerk on December 15, the earliest date specified by the Oklahoma District Judge for taking such action. Three days earlier Midwesco had filed a motion seeking a stay of the file transfer because it said it intended to pursue a mandamus action before the Tenth Circuit, but that motion was apparently tendered too late for emergency consideration and therefore for the possible deferral of the physical transfer.

[3] [Footnote by this Court] No view is expressed here as to the accuracy of the latter half of that statement. This Court is of course familiar with the caselaw that sanctions such review in the transferee District Court's Court of Appeals if a motion to retransfer is <u>denied</u>, but it has not had occasion to deal with the question whether the <u>granting</u> of a retransfer motion is thus reviewable before the transferee Court of Appeals. Instead the point is that Federal Signal itself succeeded in scotching Midwesco's earlier effort before the Tenth Circuit on subject matter jurisdictional grounds in part by pointing to the availability of a motion to retransfer.

This Court expresses no ultimate substantive position on the question posed by Midwesco--it merely acts to enable Midwesco to have its day in court on the merits of that issue before the appropriate forum for that purpose: the Court of Appeals for the Tenth Circuit. Just two final points should be added:

1. Federal Signal contends unpersuasively that the Tenth Circuit has already resolved that question. But that would ascribe to the Court of Appeals, after it had declared that it had no subject matter jurisdiction, a merits-related ruling. No such irregularity should be read into the Tenth Circuit's reference to "an otherwise invalid transfer" as a possible exception to the loss of jurisdiction. That was said only with a reference to this aspect of Chrysler Credit, 28 F.2d at 1517 n.6:

> Of course, the mere transfer of the record cannot ratify an otherwise invalid transfer. Farrell v. Wyatt, 408 F.2d 662, 664 (2d Cir. 1969). Hence, where a district court transfers a case without proper authority or the transferee court lacks jurisdiction over the case, a valid transfer has not been effectuated and appellate jurisdiction remains in the transferor circuit. Id.

That reference is of course wholly different from a comment on the substance of the contention that Midwesco proposes to put before the Tenth Circuit.

2. This Court is of course mindful of the undesirability of the parties having to litigate their disputes in two separate courts. It has held off on

Midwesco's pending motion to transfer this Court's Vactor Action to the Oklahoma District Court because Federal Signal's Section 1406 motion in this action was already pending and in the works in Oklahoma.[4] If Midwesco were to prove successful before the Tenth Circuit in keeping this action in the Oklahoma forum, this Court would obviously take that into major account in addressing the potential transfer of the Vactor Action to that same court. Conversely, if the Tenth Circuit's determination calls for the return of this action to this District Court's calendar, there would be no sense in giving favorable consideration to sending the Vactor Action to Oklahoma.

## Conclusion

Midwesco's motion for retransfer of this action to the Oklahoma District Court is granted, and the Clerk's Office is ordered to implement the transfer a week from today (see this District Court's LR 83.4). That will enable Midwesco to carry out the prompt filing of a mandamus action in the Court of Appeals for the Tenth Circuit. This Court will continue to defer

---

[4] In terms of sequence, Midwesco's Oklahoma lawsuit was brought first. Instead of filing a counterclaim in that lawsuit, Vactor sued Midwesco in a state court here in Illinois. Midwesco then properly removed the Vactor Action to this District Court on diversity jurisdictional grounds. Hence Federal Signal is scarcely in a position to point to the desirability of resolving the issues in a single forum as a reason for assignment, for it was the party responsible for creating a two-forum dispute in the first place.

acting on the Section 1404(a) motion in the Vactor Action until that Court of Appeals deals with that mandamus action.[5]

                                                 /s/ Milton I. Shadur
Milton I. Shadur
Senior United States District Judge

Date: February 3, 2004

---

[5] It should be emphasized that neither party will sustain any detriment by reason of the delay occasioned to enable the orderly consideration of the mandamus action before the Tenth Circuit. Because both this action and the Vactor Action will go forward in one forum or another in all events, this Court has already apprised the parties that discovery efforts should go forward in the Vactor Action (usable in both cases) in any event, even while the original Section 1406 transfer is being tested via mandamus in the Tenth Circuit.